COSGROVE, Appellant, vs. THE FILER & STOWELL COMPANY, LIMITED, Respondent.

*December 2 — December 17, 1901.*

*Negligence: Master and servant: Personal injuries: Special verdict.*

1. In an action by an employee in a foundry to recover for personal injuries caused by his falling into a wheel pit containing burning charcoal, a finding of the special verdict that the ground at the edge of the pit caved or gave way beneath the feet of the plaintiff does not establish negligence on the part of the defendant.

2. The complaint in such a case alleged that the excavation was made negligently, in that the walls were not firm or substantial, but were insufficient to sustain plaintiff's weight while standing within a foot and a half thereof, as he was when said walls gave way and he was precipitated into the pit, etc.; and the answer was a general denial. *Held*, that a finding of the special verdict that defendant was not guilty of any negligence in the construction or maintenance of the pit which was the proximate cause of the plaintiff's injuries, was within the issues.

APPEAL from a judgment of the superior court of Milwaukee county: ORREN T. WILLIAMS, Judge. *Affirmed.*

*Chas. G. Woolcock,* for the appellant.

*Joseph B. Doe,* for the respondent.

CASSODAY, C. J.    This is an action to recover damages for personal injuries sustained by falling into an unguarded pit situated near where the plaintiff was set at work by the defendant while in its employ.

Issue being joined and trial had, the jury at the close of the trial returned a special verdict to the effect (1) that the plaintiff was injured in defendant's foundry August 30, 1899, by falling into a wheel pit containing a bed of burning charcoal (answered by the court, by consent of counsel); (2) that the ground at the edge of the pit did cave or give way beneath the feet of the plaintiff at the time of the accident; (3) that the plaintiff did not step backward upon the sheet-

iron covering of the pit, and thereby fall into the pit; (4) that the defendant was not guilty of any negligence in the construction or maintenance of the pit which was the proximate cause of the plaintiff's injury; (5) that the plaintiff was not, at the time and place of the accident, guilty of any negligence or carelessness which contributed to his injury; (6) that the plaintiff was not, at the time and place of his injury, of such experience, knowledge, and capacity that he ought to have comprehended the dangers incident to his employment; (7) that the plaintiff, with his knowledge and experience in the foundry, ought, in the exercise of ordinary care, to have known of the presence of the wheel pit, and to have appreciated the danger of falling into it, without being specifically warned of its presence; (8) that the plaintiff, at the time and place of his injury, was using such care and attention in the performance of the work in which he was engaged as an ordinarily prudent and careful person of his experience and understanding would have used under similar circumstances; (9) that they assessed the plaintiff's damages at $1,900.

Thereupon the plaintiff moved the court, upon the evidence and minutes of the trial judge, for judgment upon the verdict; or to change the answer of the jury to the fourth question from the negative to the affirmative, and the answer of the seventh question from the affirmative to the negative, and for judgment upon the verdict so modified; or to set aside the special verdict and grant a new trial,— each and all of which motions so made by the plaintiff were denied by the court, and ordered accordingly. Thereupon the court granted the motion of the defendant upon the minutes of the trial judge and the records, and ordered that judgment be entered in favor of the defendant and against the plaintiff, dismissing the complaint, with costs to be taxed. From the judgment entered thereon accordingly the plaintiff brings this appeal.

The plaintiff contends that the first, second, and third findings establish negligence on the part of the defendant. By consent of counsel on both sides, the first question was answered by the court. So it is undisputed that the plaintiff was injured by falling into a wheel pit containing a bed of charcoal. The third finding is simply to the effect that the plaintiff did not step backward upon the sheet-iron covering of the pit and thereby fall into it. That simply goes to the conduct of the plaintiff. Neither of those findings tends to establish negligence on the part of the defendant. The question recurs whether the second finding, to the effect that the ground at the edge of the pit did cave or give way beneath the feet of the plaintiff at the time of the accident, establishes negligence on the part of the defendant. After careful consideration, we must hold that it does not. It may have been at the very edge, or the result of something for which the defendant was in no way responsible. It certainly does not show that such giving way of the ground was the proximate cause of the injury. Manifestly, the jury did not think it was the proximate cause of the plaintiff's injury, for they expressly found that the defendant was not guilty of any negligence in the construction or maintenance of the pit which was the proximate cause of the plaintiff's injury. To avoid the result of such finding, counsel for the plaintiff contends that it was not within the issues tried. But it was within the issues. After alleging that the earth under the plaintiff's feet suddenly and without warning gave way, the complaint alleges:

"That said excavation was made and constructed by the defendant in a reckless and negligent manner, in that the walls of said excavation were not firm or substantial, as they should have been, but soft, insecure, and undermined, so that said walls were not sufficient to sustain the weight of plaintiff when standing within one and a half feet from said excavation, at which distance from said excavation plaintiff was standing when the said walls gave way and plaintiff was pre-

cipitated and thrown as aforesaid, and at which place plaintiff was ordered and directed to work as aforesaid; that said excavation was further dangerously, negligently, and insufficiently constructed by defendant, in that the same was covered over and concealed so that it was indistinguishable, and so that plaintiff was unable to discern by the exercise of due care and precaution, which precaution was then and there duly exercised by plaintiff, that the said excavation and fire existed at the time and place aforesaid, or that said covering was not sufficient to sustain the weight of a man; that no guards or barriers were erected or maintained about said excavation; and that the said place where the plaintiff was so ordered was a dangerous and unsafe place for a man to work."

The answer denies each and every of such allegations, and the finding of the jury is in favor of the defendant.

Counsel for the plaintiff contends that such finding is not sustained by the evidence, and hence should have been set aside on his motion. But it is sustained by evidence on the part of the defendant. Such evidence is to the effect that the core which the plaintiff unhitched at the time of the accident was from three to three and one-half feet from the pit; that two or three inches of the edge of the pit crumbled off along the edge for about a foot or eighteen inches, but that there was no caving in; that the ground around outside of the pit was firm and solid, so that if a man stood a foot from the edge of the pit it would not cave in. Such evidence was admitted without objection. We must hold that the court properly refused to set aside such finding. It follows that no actionable negligence on the part of the defendant was established.

We perceive no ground for the contention that all the material and controverted facts in issue were not determined by the verdict. There was no error in refusing to set aside the verdict and grant a new trial for inconsistency or otherwise. The court properly ordered judgment for the defendant on the verdict. The exclusion of the X-ray photograph

only went to the question of damages, and hence is immaterial on this appeal, and need not be here considered.

*By the Court.*— The judgment of the superior court of Milwaukee county is affirmed.